IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

[2] TIFFANY NASHYRA CAMPOS-ADORNO,

    Defendant.

CRIM. NO.: 18-65 (GAG/SCC)

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.      PROCEDURAL BACKGROUND**

On February 1, 2018, defendant Tiffany Nashyra Campos-Adorno was charged in a two-count indictment. On August 1, 2019, the defendant, assisted by an interpreter, appeared before me and agreed to plead guilty to counts one and two of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count one charges that the defendant with others, did knowingly and intentionally combine, conspire, confederate, and agree to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A). Count two charges that the defendant, with others, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture

United States v. Campos-Adorno
Crim. No. 18-65 (AGAG/SCC)
Report and Recommendation

or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(A).

The defendant was advised of the purpose of the hearing and placed under oath,

with instructions that her answers must be truthful or she would subject herself to

possible charges of perjury or making a false statement.

## II.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving her right to trial by

jury.[1] She confirmed that her attorney explained and translated the form, and she was

further explained her right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if she chose to proceed before a magistrate judge, that the magistrate would hold the

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Dones-Cruz
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

consented to proceed before a magistrate judge.

### III.    PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the consequences of pleading guilty. *Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

The defendant was questioned about her age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and her understanding of the purpose of the hearing. It was confirmed that the defendant

3

United States v. Dones-Cruz
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

received a copy of the indictment and fully discussed the charges with her counsel and was satisfied with the advice and representation she received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing her demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

### B.    Maximum Penalties

The defendant expressed her understanding of the maximum penalties prescribed by statute for the offense to which she was pleading guilty, namely, as to counts one and two, a term of imprisonment of not less than ten years and up to life, a fine not to exceed $10,000,000.00 and a term of supervised release of not less than eight years. However, Defendant was also informed that a special monetary assessment of $100 per count would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

4

United States v. Dones-Cruz
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

### C.    Lack of Plea Agreement

There is no plea agreement in this case. Consequently, defendant was made to understand that the presiding judge, at sentencing, may impose any sentence up to the maximum possible penalty prescribed by statute. Additionally, the defendant was explained that the court, in imposing its sentence, is not bound by the Sentencing Guidelines, which are advisory.

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that she has the right to persist in a plea of not guilty, and that if she does so persist that she has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial she would be presumed innocent and the government would have to prove her guilt beyond a reasonable doubt; that she would have the right to assistance of counsel for her defense, and if she could not afford an attorney the court would appoint one to represent her; that at trial she would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless she voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on her behalf. She was further advised that if she

<u>United States v. Dones-Cruz</u>
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

decided not to testify or put on evidence at trial, her failure to do so could not be used

against her, and that at trial the jury must return a unanimous verdict before she could

be found guilty.

The defendant expressed her understanding of these right, and her understanding

that by entering a plea of guilty there would be no trial and she would be waiving or

giving up the rights the court explained. The defendant's counsel attested that he

explained these rights to his client and believed that the defendant understood his

explanations. The defendant was also informed that parole has been abolished and that

any sentence of imprisonment must be served. Further, defendant was explained that a

pre-sentence report would be prepared and considered by the district judge at

sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive her

of valuable civil rights, including the right to vote, to hold public office, to serve as juror

and to possess a firearm. The defendant expressed her understanding of these

consequences.

### E.    Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged

in count one and the evidence the government had available to establish the defendant's

United States v. Dones-Cruz
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

guilt beyond a reasonable doubt, should the case go to trial. The defendant admitted to the essential elements of the offense charged.

### F.    Voluntariness

The defendant stated that she had not been induced to plead guilty, but, rather, that she was entering such a plea freely and voluntarily because she is in fact guilty, and that no one had threatened her or offered her a thing of value in exchange for her plea. She acknowledged that no one had made any promises in exchange for her guilty plea. Throughout the hearing, the defendant was able to consult with her attorney.

### IV.    CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to counts one and two of the indictment. After cautioning and examining the defendant under Rule 11, I find that the defendant, Tiffany Nashyra Campos-Adorno is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of her guilty plea. Therefore, I recommend that

7

United States v. Dones-Cruz
Crim. No. 18-65 (GAG/SCC)
Report and Recommendation

the court accept the guilty plea and that the defendant be adjudged guilty as to counts one and two of the indictment.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 1st day of August, 2019.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE